UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALEM BAQALAQL,<br><br>    Plaintiff,<br><br> v.<br><br>UR M. JADDOU, Director of U.S. Citizenship and Immigration Services; DANIELLE LEHMAN, Director of San Francisco Asylum Office; ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; and UNITED STATES OF AMERICA,<br><br>    Defendants. | C24-1496 TSZ<br><br>MINUTE ORDER |

  The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

  (1) Defendants' motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1), docket no. 8, is GRANTED. Plaintiff brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, seeking judicial review of the denial of his asylum application and the denial of his motion to reopen that application. *See* Compl. at ¶¶ 38–39 (docket no. 1). Plaintiff maintains Temporary Protected Status ("TPS"), which precludes his placement into removal proceedings while the designation is in effect. *See* 8 U.S.C. § 1254(a)(1)(A).

MINUTE ORDER - 1

Under the APA, only "final agency action" is subject to judicial review, and to obtain judicial review, Plaintiff must challenge a final agency action. *See* 5 U.S.C. § 704; *see also Oregon Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006). An agency action is "final" if it (1) marks the consummation of the agency's decision-making process and (2) is one by which rights or obligations have been determined or from which legal consequences will flow. *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

Here, although U.S. Citizenship Immigration Services ("USCIS") denied Plaintiff's asylum application and his motion to reopen, *see* Compl. at ¶¶ 31, 33 (docket no. 1), no legal consequences flow from the denials while Plaintiff maintains TPS. Indeed, the denials do not alter Plaintiff's immigration status, trigger removal proceedings, or create any enforceable rights or obligations. Accordingly, the denials do not constitute final agency action. *See Bennett*, 520 U.S. at 177–78. And "[w]ithout final agency action, the Court lacks jurisdiction over an APA claim, even in an immigration context." *Agam de Maari v. Jaddou*, 2025 WL 816735 at *1 (S.D. Tex. Mar. 12, 2025). Therefore, Plaintiff's complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction[1].

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record and to CLOSE this case.

Dated this 2nd day of June, 2025.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

---

[1] Even if this Court concluded that the USCIS's decisions were final and judicially reviewable, review would lie in the appropriate court of appeals. 8 U.S.C. § 1252(a)(5); *see also* <u>Dhakal</u>, 895 F.3d at 537, 538.

MINUTE ORDER - 2